

United States Department of Justice

**United States Attorney**
**Southern District of West Virginia**

Robert C. Byrd United States Courthouse
300 Virginia Street, East
Suite 4000
Charleston, WV 25301

304-345-2200
FAX: 304-347-5104

January 2, 2024



Rico Moore, Esq.
441 Rockaway Road
Charleston, WV 25302

Re:   United States v. Timothy Brian Jackson
      Criminal No. 2:23-cr-00176 (USDC SDWV)

Dear Mr. Moore:

This will confirm our conversations with regard to your client, Timothy Brian Jackson (hereinafter "Mr. Jackson"). As a result of these conversations, it is agreed by and between the United States and Mr. Jackson as follows:

1.   **PENDING CHARGES.**  Mr. Jackson is charged in a single-count Indictment with a violation of 21 U.S.C. § 841(a)(1) (Possession with the intent to distribute fentanyl).

2.   **RESOLUTION OF CHARGES.**  Mr. Jackson will plead guilty to the single-count Indictment charging a violation of 21 U.S.C. § 841(a)(1).

3.   **MAXIMUM POTENTIAL PENALTY.**  The maximum penalty to which Mr. Jackson will be exposed by virtue of this guilty plea is as follows:

(a)   Imprisonment for a period of a mandatory minimum 10 years to life;

(b)   A fine of $10,000,000 or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

TJ
—————————
Defendant's
Initials

Rico Moore, Esq.
January 2, 2024
Page 2                                      Re: Timothy Brian Jackson

    (c)  A term of supervised release of at least 5 years;

    (d)  A mandatory special assessment of $100 pursuant to 18 U.S.C. § 3013;

    (e)  An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

    4.  **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Mr. Jackson will tender a check or money order to the Clerk of the United States District Court for $100.00, which check or money order shall indicate on its face the name of defendant and the case number.  The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing.  Mr. Jackson will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement.  If Mr. Jackson fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement.  In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Mr. Jackson.

    5.  **FORFEITURE.**  Mr. Jackson hereby agrees as follows:

    (a)  To forfeit to the United States any and all property in his possession or under his control which constitutes proceeds of or facilitated the distribution of controlled substances including, but not limited to, the following assets:

           i.  $15,000.00, more or less, in United States Currency seized by law enforcement officers on or about July 29, 2022, from a United States Postal Service Priority Mail package bearing



Defendant's
Initials

Rico Moore, Esq.
January 2, 2024
Page 3

Re: Timothy Brian Jackson

            tracking number 9505 5119 9247 2208 5688 53;

  ii. $20,501.63, more or less, in United States Currency seized by law enforcement officers on or about August 29, 2022, from a Chase Bank account with an account number ending in 2080;

  iii. a Smith and Wesson, model M&P 15, 5.56 caliber semi-automatic rifle bearing serial number TH79407, and related ammunition, seized by law enforcement officers on or about August 29, 2022, during the execution of a search warrant at 911 Overlook Way, South Charleston, Kanawha County, West Virginia; and

  iv. a Panzer Arms, model AR-12, semi-automatic shotgun bearing serial number YD-20-02792, and related ammunition, seized by law enforcement officers on or about August 29, 2022, during the execution of a search warrant at 911 Overlook Way, South Charleston, Kanawha County, West Virginia;

(b) To assist the United States and its agents in identifying all such property, regardless of its location and the manner in which it is titled. Any such identified property deemed forfeitable by the United States will then be forfeited, pursuant to 21 U.S.C. §§ 881(a) or 853(a), in either an administrative or judicial forfeiture action;

(c) To fully complete and execute, under oath, a Financial Affidavit in a form supplied by the United States and to return to counsel for the United States the completed Affidavit within seven calendar days from the date of signing this plea agreement;

(d) To provide sworn testimony and to execute any documents deemed necessary by the United States to effectuate the forfeiture and to transfer title to the said property to the United States; and

Defendant's
Initials

Rico Moore, Esq.
January 2, 2024                          Re: Timothy Brian Jackson
Page 4

    (e)   To waive any defenses to this criminal action, or to any related administrative or judicial forfeiture action, based in whole or in part on the Excessive Fines Clause of the Eighth Amendment to the Constitution, or the holding or principles set forth in United States v. Alexander, 509 U.S. 544 (1993); United States v. Bajakajian, 524 U.S. 321 (1998); United States v. Austin, 509 U.S. 602 (1993); and their progeny.

    6.   **PAYMENT OF MONETARY PENALTIES.**  Mr. Jackson authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess his financial condition for sentencing purposes. Mr. Jackson agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full immediately and subject to immediate enforcement by the United States. So long as the monetary penalties are ordered to be due and payable in full immediately, Mr. Jackson further agrees not to object to the District Court imposing any schedule of payments as merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

    Mr. Jackson authorizes the United States, through the Financial Litigation Program, to submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

    In addition to any payment ordered by the Court, Mr. Jackson shall pay all monies received from any source other than earned income, including but not limited to, lottery winnings, gambling proceeds, judgments, inheritances, and tax refunds, toward the court ordered restitution or fine.

                                       Defendant's
                                       Initials

Rico Moore, Esq.
January 2, 2024
Page 5                          Re: Timothy Brian Jackson

Mr. Jackson agrees that if he retains counsel or has appointed counsel in response to the United States' efforts to collect any monetary penalty, he shall immediately notify the United States Attorney's Office, Attention: Financial Litigation Program, 300 Virginia Street E., Suite 4000, Charleston, West Virginia 25301, in writing and shall instruct his attorney to notify FLP immediately of his representation.

7. **COOPERATION.** Mr. Jackson will be forthright and truthful with this office and other law enforcement agencies with regard to all inquiries made pursuant to this agreement, and will give signed, sworn statements and grand jury and trial testimony upon request of the United States. In complying with this provision, Mr. Jackson may have counsel present except when appearing before a grand jury.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Mr. Jackson, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Mr. Jackson for any violations of federal or state laws. The United States reserves the right to prosecute Mr. Jackson for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Mr. Jackson stipulate and agree that the



Defendant's
Initials

Rico Moore, Esq.
January 2, 2024
Page 6

Re: Timothy Brian Jackson

facts comprising the offense of conviction and relevant conduct
include the facts outlined in the "Stipulation of Facts," a copy
of which is attached hereto as "Plea Agreement Exhibit A."

Mr. Jackson agrees that if he withdraws from this agreement,
or this agreement is voided as a result of a breach of its terms
by him, and he is subsequently tried for his conduct alleged in
the indictment and other relevant conduct, as more specifically
described in the Stipulation of Facts, the United States may use
and introduce the Stipulation of Facts in the United States case-
in-chief, in cross-examination of Mr. Jackson or of any of his
witnesses, or in rebuttal of any testimony introduced by him or on
his behalf. Mr. Jackson knowingly and voluntarily waives, see
United States v. Mezzanatto, 513 U.S. 196 (1995), any right he has
pursuant to Fed. R. Evid. 410 that would prohibit such use of the
Stipulation of Facts. If the Court does not accept the plea
agreement through no fault of the defendant, or the Court declares
the agreement void due to a breach of its terms by the United
States, the Stipulation of Facts cannot be used by the United
States.

The United States and Mr. Jackson understand and acknowledge
that the Court is not bound by the Stipulation of Facts and that
if some or all of the Stipulation of Facts is not accepted by the
Court, the parties will not have the right to withdraw from the
plea agreement.

11. **AGREEMENT ON SENTENCING GUIDELINES.** Based on the
foregoing Stipulation of Facts, the United States and Mr. Jackson
agree that the following provisions of the United States Sentencing
Guidelines apply to this case.

USSG §2D1.1

Base offense level                          30

The parties do not agree as to the applicability of the three
Guideline enhancements listed below, and expressly reserve the

_____
Defendant's
Initials

Rico Moore, Esq.
January 2, 2024
Page 7                                    Re: Timothy Brian Jackson

right to argue their respective positions as to each listed
enhancement.

|  |  |
|---|---|
| Possession of a Firearm (U.S.S.G. §2D1.1(b)(1)) | +2 |
| Maintaining a Drug-Involved Premises (U.S.S.G. §2D1.1(b)(12)) | +2 |
| Knowingly Misrepresenting Fentanyl as Another Substance (U.S.S.G. §2D1.1(b)(13)) | +4 |

The United States and Mr. Jackson acknowledge and understand
that the Court and the Probation Office are not bound by the
parties' calculation of the United States Sentencing Guidelines
set forth above and that the parties shall not have the right to
withdraw from the plea agreement due to a disagreement with the
Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Mr. Jackson
knowingly and voluntarily waives the right to seek appellate review
of his conviction and of any sentence of imprisonment, fine or
term of supervised release imposed by the District Court, or the
manner in which the sentence was determined, on any ground
whatsoever including any ground set forth in 18 U.S.C. § 3742, so
long as that sentence of imprisonment, fine or term of supervised
release is below or within the Sentencing Guideline range
corresponding to offense level 38, regardless of criminal history
category. Mr. Jackson also knowingly and voluntarily waives any
right to seek appellate review of any claim or argument that (1)
the statute of conviction, 21 U.S.C. § 841(a)(1), is
unconstitutional, and (2) Mr. Jackson's conduct set forth in the
Stipulation of Facts (Plea Agreement Exhibit A) does not fall
within the scope of 21 U.S.C. § 841(a)(1).

The United States also waives its right to seek appellate

_____
Defendant's
Initials

Rico Moore, Esq.
January 2, 2024
Page 8

Re: Timothy Brian Jackson

review of any sentence of imprisonment or fine imposed by the
District Court, or the manner in which the sentence was determined,
on any ground whatsoever including any ground set forth in 18
U.S.C. § 3742, so long as that sentence of imprisonment or fine is
within or above the Sentencing Guideline range corresponding to
offense level 27, regardless of criminal history category.

    Mr. Jackson also knowingly and voluntarily waives the right
to challenge his guilty plea and his conviction resulting from
this plea agreement, and any sentence imposed for the conviction,
in any collateral attack, including but not limited to a motion
brought under 28 U.S.C. § 2255.

    The waivers noted above shall not apply to a post-conviction
collateral attack or direct appeal based on a claim of ineffective
assistance of counsel.

    13.  **WAIVER OF FOIA AND PRIVACY RIGHT.**  Mr. Jackson knowingly
and voluntarily waives all rights, whether asserted directly or by
a representative, to request or receive from any department or
agency of the United States any records pertaining to the
investigation or prosecution of this case, including without any
limitation any records that may be sought under the Freedom of
Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974,
5 U.S.C. § 552a, following final disposition.

    14.  **FINAL DISPOSITION.** The matter of sentencing is within
the sole discretion of the Court. The United States has made no
representations or promises as to a specific sentence.  The United
States reserves the right to:

    (a)  Inform the Probation Office and the Court of all relevant
         facts and conduct;

    (b)  Present evidence and argument relevant to the factors
         enumerated in 18 U.S.C. § 3553(a);

    (c)  Respond to questions raised by the Court;

_____
Defendant's
Initials

Rico Moore, Esq.
January 2, 2024
Page 9

Re: Timothy Brian Jackson

    (d)   Correct inaccuracies or inadequacies in the presentence report;

    (e)   Respond to statements made to the Court by or on behalf of Mr. Jackson;

    (f)   Advise the Court concerning the nature and extent of Mr. Jackson's cooperation; and

    (g)   Address the Court regarding the issue of Mr. Jackson's acceptance of responsibility.

    15.  **VOIDING OF AGREEMENT.**  If either the United States or Mr. Jackson violates the terms of this agreement, the other party will have the right to void this agreement. If the Court refuses to accept this agreement, it shall be void.

    16.  **ENTIRETY OF AGREEMENT.**  This written agreement constitutes the entire agreement between the United States and Mr. Jackson in this matter.  There are no agreements, understandings, or recommendations as to any other pending or future charges against Mr. Jackson in any Court other than the United States District Court for the Southern District of West Virginia.

    Acknowledged and agreed to on behalf of the United States:

                            WILLIAM S. THOMPSON
                            United States Attorney

            By:

                          JEREMY B. WOLFE
                          Assistant United States Attorney

JBW

_____
            Defendant's
            Initials

Rico Moore, Esq.
January 2, 2024
Page 10

Re: Timothy Brian Jackson

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this ten-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____
Timothy Brian Jackson
Defendant

_____
1-5-24
Date Signed

_____
Rico Moore, Esq.
Counsel for Defendant

_____
1-5-24
Date Signed

_____
Defendant's
Initials

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:23-cr-00176

TIMOTHY BRIAN JACKSON

### STIPULATION OF FACTS

The United States and Timothy Brian Jackson (hereinafter "Defendant," "Me," "My," or "I") stipulate and agree that the facts comprising the offense of conviction (the single-count Indictment in the Southern District of West Virginia, Criminal No. 2:23-cr-00176) and the relevant conduct for that offense, include the following:

1.    For several years prior to August 29, 2022, I rented an apartment located at 729 Spring Street, Apartment 5, Saint Albans, West Virginia.  In and after February 2022, I was living with my family at a house in South Charleston, West Virginia while still renting the apartment in Saint Albans.

2.    On August 29, 2022, law enforcement officers searched my apartment.  Inside, they found various quantities of pills, which I had pressed and imprinted with "M30" markings to make them look like legitimately-manufactured 30mg Oxycodone pills. Some of these pills contained fentanyl, and others contained Protonitazene or Butonitazene.  Officers also seized various quantities of powder containing these substances, a large quantity of cash, two loaded pistols, pill press equipment, various punch and die kits used to imprint pills with "M30" markings, powder mixing equipment, and various binding powders used to create pill tablets.

3.    By that date, I was acquiring fentanyl powder from a source outside the United States and commercially-manufactured binding powder from a company in the United States.  I had also acquired "M30" punch and die sets from China.  I used all these powders and equipment to create pills that appeared to be

**PLEA AGREEMENT EXHIBIT A**

legitimate Oxycodone 30mg pills, but which in fact contained fentanyl or similar substances.

4.   I used my apartment, primarily the basement of the apartment, as a workshop for making these pills.

5.   I intended to distribute the pills that I created in my apartment.  A package that I placed in the United States mail on August 9, 2022, that was destined for Connecticut, was intercepted by law enforcement officers and searched.  Inside the package, officers found several hundred pills that I created in my apartment.

6.   I agree that fentanyl is a Schedule II controlled substance under federal law.

7.   I also agree that Saint Albans, Kanawha County, West Virginia is within the Southern District of West Virginia.

8.   Finally, I agree that I am responsible for between 1,000 and 3,000 kilograms of converted drug weight.

This Stipulation of Facts does not contain each and every fact known to me and to the United States concerning my involvement and the involvement of others in the charges set forth in the Indictment.

Stipulated and agreed to:

_____
Timothy Brian Jackson
Defendant

_____
1-5-24
Date

_____
Rico Moore, Esquire
Counsel for Defendant

_____
1-8-24
Date

_____
Jeremy B. Wolfe
Assistant United States Attorney

_____
1/24/24
Date

**PLEA AGREEMENT EXHIBIT A**

2